United States District Court
Southern District of Texas

**ENTERED**

June 11, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

THOMAS MULLINS,

        Plaintiffs,

v.

EMPOWER CLINIC SERVICES, LLC,

        Defendants.

§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. H-26-1033

**MEMORANDUM AND OPINION**

This dispute arises out of a severance agreement. The facts alleged are straightforward, and plaintiff asserts three claims: (1) breach of contract; (2) declaratory judgment; and (3) tortious interference. (Docket Entry No. 1). The defendant has moved to dismiss, or in the alternative, for summary judgment. (Docket Entry Nos. 9, 10). For the reasons set forth below, the motion is denied.[1]

Thomas Mullin was "Empower's Chief Sales Officer from December 26, 2024 until May 29, 2025." (Docket Entry No. 1 ¶ 1). The Employment Agreement includes "Restrictive Covenants," such as a noncompetition clause that, to paraphrase, prevents Mullins from working for a business relating to pharmaceutical compounding in Texas or any other jurisdiction in which Empower is physically located or sells its products. (*See* Docket Entry No. 9-1 at 7). In May 2025, Mullin's employment with Empower ended. (Docket Entry No. 1 ¶ 3). Mullins and Empower executed a Separation Agreement and General Release that includes four key provisions:

---

[1] Empower moved to seal aspects of the record, including the Employment Agreement and the Separation Agreement. (Docket Entry No. 7). The court granted the motion. The court quotes portions of the agreements—namely, the release and merger provisions—because they are necessary to the opinion and for use in future cases as precedent. The language of these particular provisions is also generic and does not contain confidential information that warrants sealing.

(1) a severance payment; (2) a set of "Restrictive Covenants," which do not contain a noncompetition provision; (3) a release of claims; and (4) a merger clause. (*See* Docket Entry No. 9-2).

Mullins then gained employment with Randy Martins Health and Wellness d/b/a Hillstone Pharmacy. (*See* Docket Entry No. 1 ¶ 8). Empower believed that Mullin's employment violated the noncompetition provision in the Employment Agreement and sent a "cease and desist" letter to Hillstone. (*Id.*). The letter alleged that Mullin "was in breach of his Employment Agreement, and insinuated that legal action against" Mullin and Hillstone would follow if Mullin continued his employment. (*Id.* ¶ 9). Hillstone fired Mullin, and Empower sued Mullin for breaching the Employment Agreement. (*Id.* ¶¶ 7, 9). Mullin alleges that he has lost "hundreds of thousands of dollars in lost wages, bonuses, and equity to which he would have been entitled under his employment with Hillstone." (*Id.* ¶ 10). Mullin also alleges that Empower has not paid the full severance amount guaranteed in the separation agreement. (*See id.* ¶¶ 44–50).

Empower moves to dismiss (or for summary judgment on) the contract claim because it paid Mullin's severance. (*See* Docket Entry No. 9 at 8–10). Empower moves to dismiss (or for summary judgment on) the declaratory-judgment and tortious-interference claims because the release bars them and because the Employment Agreement's Restrictive Covenants are incorporated into the Separation Agreement. (*See id.* at 10–17). The court denies these requests.

*First*, the contract claim survives Empower's motion. Mullin alleges that Empower has not paid "the full amount owed." (Docket Entry No. 1 ¶ 48). Empower responds that (1) it has paid Mullin the full amount owed; and (2) that Mullin has not been damaged. In support, Empower offered a declaration of Cherly Allwin, the Manager of Payroll for Empower, and payroll documents showing payments to Mullin. (*See* Docket Entry No. 9-3). But Mullin alleges

otherwise, which this court must accept at the motion to dismiss stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And Empower's evidence includes some discrepancies. Namely, "[o]n or about October 17, 2025, one installment payment to Mullin was pulled back and reversed." (Docket Entry No. 9-3 at 1). The "ADP payroll record reflecting the reversal of one installment payment to Mullin on or about October 17, 2025," but Allwin states that the "reversal is not reflected in the Pay Summaries." (*Id.* at 1–2). Discovery can resolve these factual disputes.

This issue is material because, if Empower failed to timely send Mullin an October installment payment as the Separation Agreement required, Mullin is entitled to some interest as damages. *See Wilshire Villa Ass'n v. Strauss*, 39 F.3d 320, at *6 (5th Cir. 1994) ("Interest on past-due payments is the norm for damages because it offers the nonbreaching party adequate and calculable compensation for any damages caused by delinquency."); *Batmanis v. Batmanis*, 600 S.W.2d 887, 890 (Tex. Civ. App.—Houston [14th Dist] 1980, writ ref'd n.r.e) ("It is clearly the law in Texas that interest is allowed as damages for the failure to pay a sum due."). Empower's motion to dismiss Mullin's contract claim is denied.

*Second*, the declaratory-judgment and tortious-interference claims survive Empower's motion. Empower argues that (1) the Separation Agreement's release provision bars these claims; and (2) that the Separation Agreement incorporates the Employment Agreement's noncompetition provision. The court rejects Empower's first argument but accepts its second. Accepting Empower's second argument does not warrant dismissal at this stage of the case, however.

The Separation Agreement's release provision does not bar the declaratory-judgment and tortious-interference claims. Section 7 of the Separate Agreement includes a general release and a limited carve out. *See Hester Int'l Corp. v. Fed. Republic of Nigeria*, 681 F. Supp. 371, 382

3

(N.D. Miss. 1988) (explaining that the term "provided" implies a condition on a contractual promise, which is "ordinarily used in introducing a proviso or signifying a condition"), *aff'd*, 879 F.2d 170 (5th Cir. 1989).  It provides:

> Employee covenants not to sue, and fully and forever releases and discharges Employer and all other Releasees from any and all legally waivable claims, liabilities, damages, demands, and causes of action or liabilities of any nature or kind, whether now known or unknown, arising out of, related to, or in any way connected with Employee's employment with Employer or any of its affiliates or the termination of such employment, including, but not limited to, under the Offer Letter; provided, however, that nothing in this Agreement and General Release shall either waive any rights or claims of Employee (i) that arise after Employee signs this Agreement and General Release; (ii) to enforce the terms of this Agreement and General Release; or (iii) for the provision of accrued benefits conferred to Employee or Employee's beneficiaries under the terms of Employer's medical, dental, life insurance or defined contribution retirement benefit plans.

(Docket Entry No. 9-2 at 1).  Under a straightforward application of the provision, Mullin can assert any claim that arose after he signed the Separation Agreement.[2]

Both the declaratory-judgment claim and the tortious-interference claim arose after Mullin signed the Separation Agreement.  The declaratory-judgment claim arose when Empower sent a cease-and-desist letter to Hillstone.  *See Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (explaining that the Declaratory Judgment Act requires "a substantial and continuing controversy between two adverse parties").  And the tortious-interference claim arose when Hillstone fired him.  *See Roehrs v. Conesys, Inc.*, No. 3:05-CV-0829-M, 2005 WL 3454015, *4 (N.D. Tex. Dec.

---

[2] Empower argues that a strict temporal reading of the proviso would render the "known or unknown" language surplusage.  (Docket Entry No. 9 at 13–14).  It does not.  Mullin can escape the general release in one of two ways: (1) showing that the claim does not fall within the general release; or (2) showing that the claim falls within the proviso's exception.  Interpreting the proviso as creating a temporal carveout to the general release does not negate or undermine the breadth that the "known or unknown" language gives to the general release.  And even if the court were to accept Empower's mistaken premise, the "known or unknown" language has independent force, because it turns not just on time but on Mullin's knowledge. The court's reading of the Separation Agreement does not create surplusage.

14, 2005) (citing *Hill v. Heritage Resources*, 964 S.W.2d 89, 116 (Tex. App. —El Paso 1997, pet. denied)) (explaining that tortious interference claims arise "when (1) the contract or business relationship is interfered with, and (2) harm is caused to the plaintiff"). That those claims may require the court to consider facts and legal issues from before the Separation Agreement, and which would otherwise fall within the scope of the general release, is immaterial. The proviso supersedes the general release, *see VSP Labs, Inc. v. Hillair Cap. Invs. LP*, 619 B.R. 883, 902 (N.D. Tex. 2020), *aff'd sub nom. Matter of PFO Glob., Inc.*, 26 F.4th 245 (5th Cir. 2022), and Mullin's current claims fall within the proviso.[3]

Lastly, the parties dispute whether the Separation Agreement incorporated the Employment Agreement's noncompetition provision. The court holds that it does. This question depends on the Separation Agreement's merger provision, which provides:

> This Agreement and General Release sets forth the entire agreement between Employee and Employer, and fully supersedes any and all prior agreements or understandings between them regarding its subject matter; provided, however, that nothing in this Agreement and General Release are intended to or shall be construed to limit, impair or terminate any Restrictive Covenants. This Agreement and General Release may only be modified by written agreement signed by both Parties.

(Docket Entry No. 9-2 at 4).

---

[3] The key is that the proviso uses the word "claims." Its ordinary meaning, especially in the context of a litigation release, is a cause of action, *see Exec. Risk Indem., Inc. v. Integral Equity, L.P.*, No. CIV.A. 3:03-CV-0269, 2004 WL 438936, at *7–8 (N.D. Tex. Mar. 10, 2004), such as a tortious-interference cause of action. There is no part of the general release or proviso that suggests the court should hold that, even though Mullin's claims may proceed, he waived specific issues or arguments that might arise in asserting those claims. The general release is written at the same generality of the proviso—listing "claims, liabilities, damages, demands, and causes of action"—and does not preclude specific issues. *See Ortho-Clinical Diagnostics Bermuda Co. v. FCM, LLC*, No. 15 CIV. 5607 (NRB), 2016 WL 4939370, at *4 (S.D.N.Y. Sept. 12, 2016) (explaining that the use of "claims, actions, [and] causes of action" in a litigation release is intentional surplusage, which does not require courts to adopt an unreasonable contract interpretation).

Mullin argues that the noncompetition agreement does not apply because the Separation Agreement has its own "Restrictive Covenants," and the Employment Agreement merged into the Separation Agreement.  The court disagrees, again applying the proviso cannon.  *See VSP Labs*, 619 B.R. at 902; *Hester Int'l*, 681 F. Supp. at 382.  Under the merger clause, the Separation Agreement merged with, and superseded the Employment Agreement, on the condition that "*any* Restrictive Covenant[]" would not be "limit[ed], impair[ed] or terminate[d]."  (Docket Entry No. 9-2 at 4 (emphasis added)).  Because the Employment Agreement includes the defined term "Restrictive Covenants" that matches the defined term "Restrictive Covenants" in the Separation Agreement's merger clause, (*compare* Docket Entry No. 9-2 at 4, *with* Docket Entry No. 9-1 at 7), the Separation Agreement incorporates those restrictive covenants.  Any other reading would render the merger clause's proviso surplusage.  *Contra Wal-Mart Stores, Inc. v. Xerox State & Loc. Sols., Inc.*, 663 S.W.3d 569, 587 (Tex. 2023).  If the parties intended to supersede the Employment Agreement's Restrictive Covenants, they would have left out the proviso.

Although the parties dispute whether the Separation Agreement incorporates the Employment Agreement's restrictive covenants, their briefs do not explain how this legal issue affects the tortious-interference claim.  The tortious-interference claim survives Empower's motion.

For these reasons, Empower's motion to dismiss (or in the alternative, for summary judgment), (Docket Entry Nos. 9, 10), is denied.

SIGNED on June 11, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge